UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MULTI-FLEX CIRCUITS PTY LIMITED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LIGHT & MOTION INDUSTRIES, INC.,<br><br>Defendant. | Case No. 25-cv-00303-BLF<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>[Re: ECF No. 42] |

Before the Court is Light & Motion Industries, Inc.'s ("LMI's") Motion to Dismiss the Amended Complaint. ECF No. 42 ("Mot."); *see also* ECF No. 49 ("Reply"). Plaintiffs Multi-Flex Circuits Pty. Limited ("Multi-Flex") and Elecsys Manufacturing Corporation ("Elecsys") oppose the motion. ECF No. 47 ("Opp."). The Court held a hearing on the motion on November 20, 2025. *See* ECF No. 52.

For the reasons stated by the Court on the record at the hearing and summarized below, the Court GRANTS-IN-PART and DENIES-IN-PART Defendant's Motion to Dismiss the Amended Complaint.

**I.    BACKGROUND**

For purposes of this motion, the following facts alleged in the Complaint are taken as true. Multi-Flex is a company based in Australia that designs and manufactures printed circuit boards. First Amended Complaint ("FAC") ¶ 1, ECF No. 41. Elecsys is a company based in the Philippines that provides electronics manufacturing services involving assembly, testing, packaging, and distribution of electronic parts. *Id.* ¶ 2. LMI is a California corporation that sells lights and related equipment marketed for use with bicycles, underwater diving, and photography. *Id.* ¶ 3.

1   LMI has ordered printed circuit boards from Multi-Flex for over a decade. *Id.* ¶ 8. During
2   that time, LMI "[f]requently" requested that Elecsys source many of the parts for the circuit
3   boards. *Id.* Within the last four years, LMI "began to fall significantly behind in paying Multi-
4   Flex and Elecsys for its orders." *Id.* ¶ 9.

5   Plaintiffs allege that LMI owes Multi-Flex $681,393 (plus interest) "for electronic and
6   lighting parts that Multi-Flex shipped to LMI." *Id.* Plaintiffs further allege that LMI owes
7   Elecsys $583,229 "for parts that Elecsys purchased at LMI's specific request, in anticipation of
8   future shipments." *Id.* Plaintiffs attach as exhibits to the FAC Multi-Flex's "standard conditions
9   of sale," *id.* Ex. A, "purchase orders that Multi-Flex received from LMI," *id.* Ex. B, "invoices that
10  [Multi-Flex] issued to LMI and for which Multi-Flex has not received full payment," *id.* Ex. C,
11  and a list of "goods and materials that Elecsys has purchased on behalf of LMI, at LMI's specific
12  request," *id.* Ex. D.

13  Multi-Flex and Elecsys filed suit on January 9, 2025, *see* ECF No. 4, and the Court
14  dismissed the complaint with leave to amend on July 16, 2025, *see* ECF No. 33 ("Prior Order").
15  Plaintiffs filed the FAC on August 27, 2025. Multi-Flex asserts two claims against LMI: (1) a
16  claim for breach of written contract, FAC ¶¶ 10–15, and (2) a claim for "common counts," *id.*
17  ¶¶ 16–19. Elecsys brings its own common count claim against LMI. *Id.* ¶¶ 20–23.

18  **II.   LEGAL STANDARD**

19  Dismissal of a complaint is appropriate under Rule 12(b)(6) "if the complaint fails to state
20  a cognizable legal theory or fails to provide sufficient facts to support a claim." *Sinclair v. City of*
21  *Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). When considering a Rule 12(b)(6) motion, a court must
22  "take all allegations of fact as true and construe them in the light most favorable to the nonmoving
23  party." *Id*. While a complaint need not contain detailed factual allegations, it "must contain
24  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
25  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
26  570 (2007)).

27  In deciding whether to grant leave to amend, courts consider the factors set forth by the
28  Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth

2

Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Id.* at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

### III.   DISCUSSION

#### A.   Breach of Written Contract

Only Multi-Flex asserts a claim for breach of written contract. FAC ¶¶ 10–15. LMI argues that Multi-Flex's breach-of-contract allegations fail to state a claim because the FAC "provide[s] no notice as to what specific obligations were breached or where they are found." Mot. at 4. Instead, Multi-Flex "attaches documents it contends form part of some sort of contract or contracts," namely Multi-Flex's standard conditions of sale, purchase orders and invoices. *Id.* Because the FAC does not indicate how the "various attachments" "relate to each other," the reader is "left to guess" the fundamental bases of this claim. *Id.* at 5. In opposition, Multi-Flex responds that LMI does not invoke the correct body of law governing the dispute. Opp. at 7–9. Instead, Multi-Flex argues that instead of California contract law, the claim is governed by the United Nations Convention on Contracts for the International Sale of Goods ("CISG"). Under that law, Multi-Flex argues that it has pleaded its breach of contract claim with sufficient specificity, including by attaching "the products that LMI ordered from it, the quantities and prices, the products that Multi-Flex shipped to LMI, the dates shipped, and the amount LMI still owes for these shipments." *Id.* at 9–15. On reply, LMI argues that Multi-Flex has pivoted away from the claim it pled in the FAC and thus waived its right to assert the CISG as the basis for its contract claim. Reply at 2–3.

As a threshold matter, the Parties dispute the applicable law. Multi-Flex argues that the contract at issue arises under the CISG. Opp. at 7–9. Multi-Flex contends that because the contract is for a sale of goods, the parties are incorporated in signatory countries, and the Parties

3

1    did not expressly opt out of the CISG, the CISG governs.  *Id.*  LMI argues that Multi-Flex cannot
2    rely on the CISG because it raised this issue for the first time only in opposition to the motion to
3    dismiss the FAC.  Reply at 1–3.  Indeed, the initial complaint, the first round of motion to dismiss
4    briefing, the case management statement, and the FAC are entirely devoid of references to the
5    CISG, which has left the Court and Multi-Flex to "presume" that the "contract claim was
6    predicated on California law."  *Id.*  At the hearing, Plaintiffs' counsel explained that he learned of
7    the existence and applicability of the CISG only recently, through conducting research in
8    connection with the instant motion.  He, in effect, conceded that the FAC was not pled under the
9    CISG.

10   It is clear that the FAC pleads the breach of written contract claim under California law
11   and Multi-Flex does not argue that the claim was adequately pled under California law.  Finding
12   that Multi-Flex has failed to plead facts supporting the essential elements of a breach of contract
13   under California law, the Court GRANTS the motion to dismiss the breach of written contract
14   claim WITH PREJUDICE.  However, this dismissal is without prejudice to filing a motion to
15   amend pursuant to Rule 16 of the Federal Rules of Civil Procedure to add a breach of contract
16   claim under the CISG.

### B.  Common Counts

Plaintiffs each assert a common count claim.  FAC ¶ 17 ("LMI has become indebted to Multi-Flex in the amount of $681,393 for goods sold and delivered . . . ."); *Id.* ¶ 21 ("LMI has become indebted to Elecsys in the amount of $583,229 for goods and materials that Elecsys has purchased, at LMI's specific request . . . .").  LMI seeks to dismiss both claims.

"A common count . . . is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness, including that arising from an alleged duty to make restitution under an assumpsit theory."  *Korchemny v. Piterman*, 68 Cal. App. 5th 1032, 1047 (2021) (quoting *Zumbrun v. Univ. of S. Cal.*, 25 Cal. App. 3d 1, 14–15 (1972)).  It "broadly applies 'wherever one person has received money which belongs to another, and which in equity and good conscience . . . should be returned.'"  *Rubinstein v. Fakheri*, 49 Cal. App. 5th 797, 809 (2020) (quoting *Philpott v. Superior Ct. in & for Los Angeles Cnty.*, 1 Cal. 2d 512, 522 (1934)).

The elements of a common count claim are: "(1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment." *Balboa Cap. Corp. v. Shaya Med. P.C. Inc.*, 623 F. Supp. 3d 1059, 1070–71 (C.D. Cal. 2022) (quoting *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 460 (1997)).

### 1. Multi-Flex's Common Count Claim

LMI argues that Multi-Flex's common count claim is "entirely duplicative of its breach of contract claim" and therefore should be dismissed because the breach of written contract claim should be dismissed. Mot. at 15. LMI further contends that even if the breach of written contract claim survives, the common count should be dismissed as "wholly duplicative." *Id.* at 16–17. Multi-Flex responds that its common count claim should not be dismissed because the breach of written contract claim is adequately pleaded. Opp. at 15–16. Multi-Flex also argues that its common count claim is not wholly duplicative of the contract claim and instead "affords a different avenue for relief." *Id.* at 16.

As the Court explained on the record at the hearing, the FAC provides sufficient allegations and exhibits to support Multi-Flex's common count claim. In addition to the allegation that "LMI has become indebted to Multi-Flex in the amount of $681,393 for goods sold and delivered to LMI," FAC ¶ 17, Plaintiffs have attached purchase orders and invoices, which provide LMI with sufficient notice, *see id.* Exs. A, B, C. *See also Eurodrip, USA, Inc. v. B & B Drip Irrigation, Inc.*, No. 09-cv-00716-AWI-SMS, 2009 WL 2365845, at *5 (E.D. Cal. July 31, 2009) (finding that a common count claim was sufficiently pleaded where the plaintiff alleged the "transactional history," "amount of the debt," and "the absence of payment" and attached "a copy of an invoice"). Moreover, a reasonable inference can be drawn that the references to emails in the purchase orders modified any agreement giving rise to the alleged indebtedness. *See e.g.*, FAC Ex. C at 1 (referencing an "email from Jarmie" in connection with an invoice).

LMI is correct that common count claims generally rise and fall with alternative theories seeking the same recovery based on the same facts. *See McBride v. Boughton*, 123 Cal.App.4th 379, 394–95 (2004). Here, however, the breach of written contract claim has been dismissed for failure to oppose, not on the merits. Accordingly, the common count claim is not subject to

5

1  dismissal on this ground.  Because the claim has been adequately pleaded, the motion to dismiss
2  Multi-Flex's common count claim is DENIED.

### 2. Elecsys's Common Count Claim

With respect to Elecsys, LMI argues the common count claim fails because the allegations are vague and conclusory.  The FAC neither provides facts "underlying its assertion that specific requests were made by email," nor pleads "reasonable inducement or full performance."  Mot. at 17–22.  Plaintiffs contend that the FAC alleges with sufficient detail that it seeks compensation for the products it purchased at LMI's specific request, including because Plaintiffs attached an exhibit identifying the goods purchased.  Opp. at 16–17.  On reply, LMI also urges that Elecsys has not identified the specific points at which LMI became indebted to Elecsys.  Reply at 11–12.

The FAC is short on facts that reference Elecsys.  Plaintiffs allege that LMI has "requested" that Elecsys "source many of the parts to be used in its products" manufactured by Multi-Flex, FAC ¶ 8, and "LMI owes Elecsys $583,229" for items it purchased at "LMI's specific request, in anticipation of future shipments," *id.* ¶ 9.  Plaintiffs further allege that the indebtedness arose within "the past four years," and that the requests were "conveyed to Elecsys directly from LMI personnel via emails sent by LMI personnel" to Elecsys.  *Id.* ¶ 21.  Finally, Plaintiffs attach an exhibit, which is described as a "true and correct [copy] of the goods and materials that Elecsys has purchased on behalf of LMI."  *Id.* Ex. D.

The Court is unable to discern any meaning from this attachment.  Moreover, as the Court explained in the Prior Order and on the record at the hearing, additional factual allegations are necessary to transform Elecsys's common count claim from speculative to adequately concrete.  Elecsys must describe or attach materials sufficient to demonstrate "the specific request(s) made; the specific goods, services, or outlay of money underpinning this claim; and the specific point(s) at which LMI can be considered to have become 'indebted' to Elecsys."  Prior Order at 8.

Accordingly, Elecsys's common count claim is DISMISSED.  Because Plaintiffs' Counsel represented at the hearing that Plaintiffs can allege additional, specific facts, the Court finds that the *Foman* factors do not weigh against permitting amendment.  Accordingly, the dismissal of this claim is WITH LEAVE TO AMEND.

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that LMI's Motion to Dismiss the Amended Complaint, ECF No. 42, is GRANTED-IN-PART and DENIED-IN-PART as follows:

(1) Multi-Flex's Breach of Written Contract claim is DISMISSED WITH PREJUDICE. This dismissal is without prejudice to filing a Rule 16 motion to amend the pleading to add a breach of contract claim under the CISG.  *See* Fed R. Civ. P. 16.

(2) The motion to dismiss Multi-Flex's Common Count claim is DENIED.

(3) Elecsys's Common Count claim is DISMISSED WITH LEAVE TO AMEND.

(4) Plaintiffs may file an amended complaint on or before **December 4, 2025**.  Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal of Plaintiffs' claims with prejudice. Plaintiffs may not add parties or claims without the express approval of the Court or stipulation of all Parties.

Dated:  November 21, 2025

_____
BETH LABSON FREEMAN
United States District Judge

7