**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MULTI-FLEX CIRCUITS PTY LIMITED, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LIGHT & MOTION INDUSTRIES, INC., <br><br> Defendant. | Case No.  25-cv-00303-BLF <br><br> **ORDER DENYING DEFENDANT'S MOTION TO PARTIALLY DISMISS THE SECOND AMENDED COMPLAINT** <br><br> [Re:  ECF No. 56] |

Before the Court is Light & Motion Industries, Inc.'s ("LMI's") Motion to Partially Dismiss the Second Amended Complaint ("SAC").  ECF No. 56 ("Mot."); *see also* ECF No. 61 ("Reply").  Plaintiffs Elecsys Manufacturing Corporation ("Elecsys") and Multi-Flex Circuits Pty Ltd. ("Multi-Flex") oppose the motion.  ECF No. 60 ("Opp.").  The Court previously determined that this motion was suitable for resolution without oral argument and vacated the hearing.  ECF No. 77; *see* Civ. L.R. 7-1(b).  For the reasons that follow, the Court DENIES Defendant's Motion to Partially Dismiss the SAC.

## I.    BACKGROUND

For purposes of this motion, the following facts alleged in the SAC are taken as true. Plaintiff Multi-Flex is a company based in Australia that designs and manufactures printed circuit boards.  ECF No. 54 ("SAC") ¶ 1.  Plaintiff Elecsys is a company based in the Philippines that provides electronics manufacturing services involving assembly, testing, packaging, and distribution of electronic parts.  SAC ¶ 2.  Defendant LMI is a California corporation that sells lights and related equipment marketed for use with bicycles, underwater diving, and photography. SAC ¶ 3.  LMI has ordered printed circuit boards from Multi-Flex for over a decade.  SAC ¶ 8. During that time, LMI "[f]requently" requested that Elecsys source many of the parts for the

circuit boards.  SAC ¶¶ 8–9.  Within the last four years, LMI "began to fall significantly behind in paying Multi-Flex and Elecsys for its orders."  SAC ¶ 12.

Plaintiffs allege that LMI owes Multi-Flex $681,393 (plus interest) "for electronic and lighting parts that Multi-Flex shipped to LMI."  SAC ¶¶ 12, 18.  Plaintiffs also state that LMI owes Elecsys $583,229 (plus interest) "for parts and materials that Elecsys purchased for LMI at LMI's specific request, in anticipation of future shipments to LMI that never occurred."  SAC ¶¶ 12, 24.  Plaintiffs attach to the SAC emails and purchase orders sent by LMI to Elecsys and Multi-Flex.  SAC ¶ 20 & Ex. D.  Plaintiffs also summarize the transactions, grouped by purchase order.  *See* SAC ¶ 21.

Multi-Flex and Elecsys filed suit on January 9, 2025, *see* ECF No. 4, and the Court dismissed the initial complaint with leave to amend, *see* ECF No. 33.  After a second round of motion to dismiss briefing, the Court granted in part and denied in part Defendant's motion to dismiss the First Amended Complaint.  *See* ECF No. 53 ("Prior Order").  Plaintiffs filed the SAC on December 4, 2025.  Multi-Flex and Elecsys each assert a claim for "common counts" against LMI.  SAC ¶¶ 15–24.  In the instant motion, LMI seeks to dismiss Elecsys's claim.

## II.    LEGAL STANDARD

Dismissal of a complaint is appropriate under Rule 12(b)(6) "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim."  *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023).  When considering a Rule 12(b)(6) motion, a court must "take all allegations of fact as true and construe them in the light most favorable to the nonmoving party."  *Id*.  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.    DISCUSSION

LMI argues that Elecsys's common count claim is insufficiently pled because the SAC does not allege either a clear point at which LMI became indebted to Elecsys or performance that gives rise to indebtedness.  LMI further contends that although Elecsys brings a claim for

"common counts," the facts in the SAC actually describe Elecsys's expenditures based on a reliance interest, rather than LMI's failure to pay for any goods that were actually shipped.  In opposition, Elecsys urges that the SAC sufficiently alleges a claim for common counts.

"A common count . . . is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness, including that arising from an alleged duty to make restitution under an assumpsit theory."  *Korchemny v. Piterman*, 68 Cal. App. 5th 1032, 1047 (2021) (quoting *Zumbrun v. Univ. of S. Cal.*, 25 Cal. App. 3d 1, 14–15 (1972)).  It "broadly applies 'wherever one person has received money which belongs to another, and which in equity and good conscience . . . should be returned.'"  *Rubinstein v. Fakheri*, 49 Cal. App. 5th 797, 809 (2020) (quoting *Philpott v. Superior Ct. in & for Los Angeles Cnty.*, 1 Cal. 2d 512, 522 (1934)).  The elements of a common count claim are: "(1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment."  *Balboa Cap. Corp. v. Shaya Med. P.C. Inc.*, 623 F. Supp. 3d 1059, 1070–71 (C.D. Cal. 2022) (quoting *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 460 (1997)).

In the Prior Order, the Court dismissed Elecsys's common count claim against LMI with leave to amend because Elecsys did not include sufficient facts to demonstrate the specific requests made, the specific goods, services, or outlay of money underpinning the claim, and the point at which LMI can be considered to have become indebted to Elecsys.  Prior Order at 6.  The Court noted that the complaint was "short on facts that reference Elecsys," explaining that additional factual allegations would be "necessary to transform Elecsys's common count claim from speculative to adequately concrete."  *Id.*  In response, Plaintiffs have fleshed out the allegations as to the nature of Elecsys and LMI's commercial relationship and attached documents that give more color to the claim.  For example, Plaintiffs have summarized the transactions, grouped by purchase order, for which Elecsys seeks compensation.  SAC ¶ 21.  Plaintiffs also attached emails documenting communication between the two companies.  *See* SAC Ex. D.

To the extent LMI argues that the SAC does not allege a clear point at which LMI became indebted to Elecsys, Mot. at 5–7, the Court disagrees.  While LMI is correct that the SAC includes exhibits showing that LMI sent the eight purchase orders identified in the common count claim to

United States District Court
Northern District of California

Multi-Flex, SAC Ex D. at 146–161, the emails from LMI (demerson@lightandmotion.com) to Elecsys (rey@elecsysmfg.com) tell a different story.  For instance, Plaintiffs include a November 21, 2023, email from Elecsys to LMI in which Elecsys requests that LMI "pay the invoiced amount $583,299.98 immediately due to non-moving stocks for almost 2 years." SAC Ex. D at 101; *see also* SAC Ex. D. at 102 ("[T]he components are now 1–2 years old and we purchased this based on LMI instructions, we have no choice but to invoice LMI.").  LMI responds thanking Elecsys "for the details of the inventory you are holding" and explaining that Elecsys was "not in a position to pay for this" and would need to follow up.  SAC Ex. D at 101. Drawing all reasonable inferences in favor of the complaint, the SAC supports a plausible inference that Elecsys owed LMI $583,229.98 as of November 21, 2023.  Those same emails also demonstrate that Elecsys has sufficiently alleged the elements of a common count.  They support a plausible inference that (1) LMI owes Elecsys $583,299 (amount owed) for (2) purchasing inventory at LMI's specific request (performance), and (3) Elecsys failed to pay (non-payment). *See Balboa Cap. Corp*, 623 F. Supp. 3d at 1070–71.

LMI contends that Elecsys's claim is grounded in a detrimental reliance theory, and so a claim for common counts is not a fit for the facts alleged.  Mot. at 10–11.  The Court is not persuaded.  "Under California law, 'common counts' are general pleadings that seek to recover money owed without necessarily specifying the nature of the claim." *Etchegaray Farms, LLC v. Lehr Bros, Inc.*, 326 F. Supp. 3d 987, 993 (E.D. Cal. 2018).  Elecsys has plausibly alleged that LMI owes it money that it "should be required to repay to avoid inequity." *Rubinstein*, 49 Cal. App. 5th at 809.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that LMI's motion to partially dismiss the SAC, ECF No. 56, is DENIED.

Dated:  April 27, 2026

_____
BETH LABSON FREEMAN
United States District Judge