**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MULTI-FLEX CIRCUITS PTY LIMITED, et al., | Case No. 25-cv-00303-BLF |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |
| LIGHT & MOTION INDUSTRIES, INC., | [Re: ECF No. 81] |
| Defendant. | |

Before the Court is Plaintiffs Multi-Flex Circuits Pty Ltd. ("Multi-Flex") and Elecsys Manufacturing Corporation's ("Elecsys") motion for summary judgment, or, in the alternative, summary adjudication. ECF No. 81 ("Mot."); *see also* ECF No. 89 ("Reply"). Defendant Light & Motion Industries, Inc. ("LMI") opposes the motion. ECF No. 87 ("Opp."). The Court held a hearing on the motion on June 18, 2026. ECF No. 93. For the reasons set forth below, Plaintiffs' motion for summary judgment is GRANTED.

I.    **BACKGROUND**

A.    **Undisputed Facts**

Plaintiff Multi-Flex is a company based in Australia that designs and manufactures printed circuit boards. ECF No. 85 ("Safi Decl.") ¶ 2. Plaintiff Elecsys is a contract manufacturing firm based in the Philippines. *Id.* Defendant LMI was a California corporation that designed and sold lighting products for use in flash photography, scuba diving, and bicycle applications. ECF No. 87-1 ("Emerson Decl.") ¶ 2. LMI began its business relationship with Multi-Flex in approximately 2014. Safi Decl. ¶ 3. Around 2019, Multi-Flex began outsourcing many of the orders it received from LMI to Elecsys. Safi Decl. ¶ 4.

As relevant here, the three parties used the following procedure in connection with LMI's

<div style="writing-mode: vertical">United States District Court
Northern District of California</div>

orders. Multi-Flex would negotiate the terms of the order with LMI and discuss them with Elecsys. *Id.* LMI would issue a purchase order and send it to both Multi-Flex and Elecsys by email. *Id.* Elecsys would be responsible for fulfilling the order. *Id.* When the products were ready, Elecsys would ship the products directly to LMI. *Id.* Multi-Flex would issue an invoice to LMI, LMI would pay Multi-Flex, and Multi-Flex would remit payment to Elecsys for its portion of the work. *Id.*

Beginning in 2021, LMI began issuing purchase orders to Multi-Flex and Elecsys well in advance of the desired dates for delivery to secure pricing and availability in anticipation of customer demand. Safi Decl. ¶ 5. The details of these advance orders were subject to change and delays. *Id.*; *see also* Emerson Decl. ¶ 3 ("The final quantities, pricing, and delivery schedules for each shipment were regularly modified by mutual agreement through weekly video conferences, phone calls, and email exchanges among LMI, Multi-Flex, and Elecsys personnel."). Once the parties agreed on changes to a purchase order and LMI was ready to accept delivery, Elecsys completed production and shipped the products to LMI. *Id.* A consequence of this practice was that Elecsys acquired parts and materials and held them for months or more without payment. *Id.* ¶ 6.

Following frequent delays in 2022 and 2023, LMI stopped paying Multi-Flex in December 2023. Safi Decl. ¶ 7. LMI owes Multi-Flex at least $670,849.96 for products that were shipped but never paid for. Emerson Decl. ¶ 5 & Ex. A; ECF No. 83 ("Cooke Decl."), Ex. B ("Dubose Depo.") at 106:2–7. Separately, due to LMI's practice issuing purchase orders in advance and requesting that Elecsys acquire and hold parts and materials, Elecsys incurred $583,299.98 in materials costs in acquiring inventory for LMI for which it was not compensated. ECF No. 84 ("Lamaroza Decl.") ¶ 6 & Exs. B, C. On November 21, 2023, Elecsys wrote LMI, "request[ing] LMI to pay the invoiced amount $583,299.98 immediately due to non-moving stocks for almost 2 years." Lamaroza Decl., Ex. A at 101. LMI responded that it was "not in a position to pay for this as we do not have the funds." *Id.* In fact, due to a confluence of economic factors, LMI had begun experiencing severe financial difficulties in 2022 and eventually ceased active operations. Emerson Decl. ¶ 10.

2

United States District Court
Northern District of California

### B. Procedural History

Multi-Flex and Elecsys filed suit on January 9, 2025, *see* ECF No. 4. After multiple motions to dismiss, Multi-Flex and Elecsys each assert a claim for "common counts" against LMI. *See* ECF No. 54 ("SAC") ¶¶ 15–24. Multi-Flex alleges that LMI owes it $681,393, plus interest. SAC ¶ 18. Elecsys asserts that LMI owes it $583,229, plus interest. SAC ¶ 24.

## II. LEGAL STANDARD

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is material if it might affect the outcome of the lawsuit, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.* On an issue for which the nonmoving party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. *Liberty Lobby*, 477 U.S. at 249–50.

Once the moving party has met its initial burden, the burden of production shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). If the

nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Id.* at 323.

The Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The evidence presented and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. *See id.* at 631. The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). If the nonmoving party fails to do so, the district court may properly grant summary judgment in favor of the moving party. *Id.*

## III.   DISCUSSION

Plaintiffs seek summary judgment as to their respective common counts. "A common count . . . is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness, including that arising from an alleged duty to make restitution under an assumpsit theory." *Korchemny v. Piterman*, 68 Cal. App. 5th 1032, 1047 (2021) (quoting *Zumbrun v. Univ. of S. Cal.*, 25 Cal. App. 3d 1, 14–15 (1972)). It "broadly applies 'wherever one person has received money which belongs to another, and which in equity and good conscience . . . should be returned.'" *Rubinstein v. Fakheri*, 49 Cal. App. 5th 797, 809 (2020) (quoting *Philpott v. Superior Ct. in & for Los Angeles Cnty.*, 1 Cal. 2d 512, 522 (1934)). To prevail on their common counts, Plaintiffs must establish "(1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment." *Balboa Cap. Corp. v. Shaya Med. P.C. Inc.*, 623 F. Supp. 3d 1059, 1070–71 (C.D. Cal. 2022) (quoting *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 460 (1997)).

### A.  Multi-Flex's Common Count

Multi-Flex asserts that there is no genuine dispute of material fact with respect to its common count against LMI. Mot. at 7–8. LMI avers that the difference between the Parties' internal records defeats summary judgment. Opp. at 2–3.

Multi-Flex identifies evidence that LMI owes Multi-Flex $681,393.22 for products that

United States District Court
Northern District of California

United States District Court
Northern District of California

were shipped but not paid for. ECF No. 82 ("Rankmore Decl.") ¶ 6 ("Multi-Flex's accounting system indicates that LMI owes Multi-Flex a total of $681,393.22 (US) for products that Multi-Flex shipped to LMI."); *see also id.* Ex. C (statement of account as of November 30, 2024). Indeed, LMI's CEO, Daniel Emerson, testified that he "feel[s] terrible" that LMI has "a debt to [Multi-Flex]." Cooke Decl., Ex. A ("Emerson Depo.") at 55:20–21. The Court finds that Elecsys's evidence establishes the statement of indebtedness in a certain sum, consideration, and nonpayment. Accordingly, Multi-Flex has met its moving burden, and the burden shifts to LMI to show a disputed issue of material fact for trial.

For its part, LMI contends that its books show a different, lower value, which creates a factual dispute that cannot be resolved at the summary judgment stage. Opp at 2–3. While it acknowledges that it owes a debt to Multi-Flex, LMI submits evidence demonstrating that LMI's books reflect a value of a balance of $670,849.96—a difference of $10,543.26. *See* Emerson Decl. ¶ 5 & Ex. A. Thus, while all agree that LMI owes Multi-Flex at least $670,849.96, there is a dispute as to the $10,543.26 difference in the Parties' records. Multi-Flex acknowledges this difference in the Parties' books and waives its right to go to trial on the disputed amount. *See* Reply at 2–3. Thus, the Court GRANTS summary judgment as to Multi-Flex's common count in the amount of $670,849.96.

### B. Elecsys's Common Count

Elecsys also seeks summary judgment on its common count. Elecsys contends that the undisputed facts establish indebtedness, consideration, and nonpayment in connection with the materials Elecsys purchased at LMI's specific request but never paid for. Mot. at 8–12. Elecsys identifies evidence demonstrating LMI's indebtedness in the sum of 583,299.98 in the form of accounting records showing the amount in the costs of materials that Elecsys acquired at LMI's request to fulfill LMI's purchase orders. *See* Lamaroza Decl. ¶ 7 ("Elecsys has incurred $583,299.98 in materials costs in acquiring this inventory for LMI for which has not received any compensation"); *see also id.* Ex. C (Elecsys's accounting record re inventory acquired and held for LMI). Elecsys also submits evidence of consideration, in the form of Elecsys's purchasing materials in response to LMI's specific request. *See* Lamaroza Decl. ¶ 5 & Ex. A (emails between

5

United States District Court
Northern District of California

Elecsys and LMI).  Elecsys's employees attest to LMI's nonpayment for the inventory.  *See* Safi Decl. ¶ 7; Lamaroza Decl. ¶ 8.  On November 21, 2023, Elecsys emailed LMI to "request LMI to pay the invoiced amount $583,299.98 immediately due to non-moving stocks for almost 2 years." Lamaroza Decl., Ex. A at 101.  LMI responded the next day, writing, "We are not in a position to pay for this as we do not have the funds. We are navigating a path back to profitability but we still have a ways to go."  *Id.*  On December 21, 2023, LMI's CEO emailed Elecsys again, writing "I am committed to paying down our past due with Elecsys and I know you have been incredibly supportive over these past 12 months which has helped us keep our doors open."  Safi Decl. ¶ 8 & Ex. A.  Elecsys's evidence establishes the elements of a common count in the amount of $583,299.98.  Thus, the Court finds that Elecsys has met its moving burden.  The burden shifts to LMI to identify disputed issues of material fact.

According to LMI, the measure of Elecsys's recovery is the reasonable value of the goods and services rendered, not Elecsys's internal costs.  Opp. at 3.  LMI asserts that the reasonable value of the materials Elecsys acquired at LMI's request is disputed.  It submits evidence that LMI sold its entire physical inventory and related IP in the wake of its financial difficulties for a fraction of the sum Elecsys seeks.  Emerson Decl. ¶ 8.  LMI's remaining physical inventory was purchased by a company run by a former member of LMI's board of directors for approximately $20,000.  *Id.*  LMI's related intellectual property was sold for approximately $60,000.  *Id.*  Thus, LMI contends that it is for a jury to determine the reasonable value of the materials Elecsys purchased on LMI's behalf.  Opp. at 4.

The Court agrees with LMI that the reasonable value of the goods and services is the appropriate measure of recovery.  *See Maglica v. Maglica*, 66 Cal. App. 4th 442, 445–46 & 446 n.2 (1998).  However, LMI has not submitted competent evidence of the reasonable value of the materials Elecsys acquired.  As Elecsys correctly argues, LMI has not submitted any evidence showing that the parts that Elecsys acquired for LMI are the same parts that LMI sold in 2025 or are otherwise equivalent.  *See* Reply at 5.  Therefore, the cost of LMI's 2025 sale of its remaining inventory does not speak to the factual issue of the fair market value of the materials acquired and held by Elecsys.

6

In sum, the Court concludes that Elecsys has met its moving burden and LMI has not identified any disputed issues of material fact.  Accordingly, the Court GRANTS summary judgment as to Elecsys's common count.

## IV.     ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' motion for summary judgment is GRANTED.

Dated:  June 25, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

7